**STATE OF HAWAII,** Plaintiff–Appellee, v. **ROBERT B. PERHAM,** Defendant–Appellant

NO. 14514

(CR. NO. 89–80K)

AUGUST 5, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

I.

On October 13, 1989, the car driven by Robert Perham was stopped for speeding. When police officer Akiona approached the car, he noticed that Perham displayed signs of alcohol intoxication, and therefore, arrested Perham for driving while intoxicated and transported him to the police station.

At the police station, Perham was instructed to empty his pockets. He produced, among other things, a two–fold wallet with compartments fastened by Velcro adhesive fastener. In the course of inventorying Perham's belongings, Officer Akiona opened the wallet and each of its compartments. In one compartment was a packet containing cocaine. Perham was then charged with promoting a dangerous drug in the third degree in violation of Hawaii Revised Statutes § 712–1243.

A motion to suppress the cocaine discovered in the wallet was denied by the trial court, and Perham was convicted of the drug charge in a jury–waived trial.

We hold that the court erred in denying the motion to suppress evidence.

## II.

A search conducted without a warrant carries with it an initial presumption of unreasonableness. [] The govern- ment must show that the facts of the case justified the police searching without a warrant and that the search itself was no broader than necessary to satisfy the need which legitimized the departure from the warrant require- ment in the first place.

*State v. Ritte*, 68 Haw. 253, 256, 710 P.2d 1197, 1201 (1985) (citations omitted).

Although instigated for non–investigatory purposes, a pre– incarceration inventory search is no less a search under our state constitution. *State v. Kaluna*, 55 Haw. 361, 373, 520 P.2d 51, 61 (1974). Further, there is no dispute that the search of Perham's wallet was conducted without a warrant. Thus, the burden is on the State to show the reasonableness and necessity of the search con- ducted.

In *State v. Kaluna, supra*, in the course of a pre–incarceration search, the arrestee produced a folded tissue packet which was handed to the police matron. To satisfy her curiosity and without any suspicion that the packet might contain contraband, the matron unfolded the packet and found it to contain illegal drugs. This court held that the police have the authority to prohibit the entry of weapons, drugs, and other potentially harmful items into jail, and therefore, the production and surrender of the folded tissue packet

was authorized. But once the packet was produced, there was no justification to conduct an exploratory search of the packet itself.

In this case, the police were justified in requiring Perham to empty out his pockets for the purpose of preventing the entry of dangerous items and contraband into jail. This purpose, however, could not justify the further intrusion into the different compartments of the wallet once the wallet had been surrendered.

The State contends that searching the wallet itself is necessary to inventory the contents in order to protect the police against fraudulent claims of lost, stolen, or damaged property. In addressing the same argument, this court in *Kaluna* stated:

> Nor did the need to inventory the defendant's possessions serve as a justification for probing the contents of the packet. The government's interest in protecting itself against fraudulent post–incarceration claims of loss or damage to property is at best a tenuous reason for infringing the privacy of an individual's belongings. Consequently, an inventory search should be rigidly circumscribed in scope, perhaps more so than any other type of justified warrantless search. To the extent that the basic purposes of an inventory search can be accomplished by means which are less intrusive on an internee's privacy, then the constitutional rule of reason requires such means to be employed.

*Kaluna*, 55 Haw. at 374, 520 P.2d at 61.

We note that the Fourth Amendment to the United States Constitution does not require police to use less intrusive means to safeguard an arrestee's property. *Illinois v. Lafayette*, 462 U.S. 640 (1983). However, in *Kaluna* we held that our state constitutional provision protecting individuals from unreasonable searches and seizures provides greater protections from inventory searches than

the Fourth Amendment. *Kaluna* held that less intrusive means of accomplishing the State's purpose must be used if feasible.

*Kaluna* suggested that an arrestee's belongings could be placed, unopened, into a sealed envelope, or that the arrestee be required to sign a waiver releasing the police of responsibility for the contents of unopened items, thereby affording the arrestee the choice of relinquishing any right of privacy in the contents. *Id.* at 374–75. *See also State v. Ching*, 67 Haw. 107, 112–13, 678 P.2d 1088, 1093 (1984).

Despite these specific suggestions, and despite the fact that *Kaluna* has never been overruled in its 16–year history, there is no indication in this case that the police attempted to utilize less intrusive procedures. To the contrary, the State indicates that the general exploratory search procedures used in this case are routine, at least in the County of Hawaii. Nor has the State made an adequate showing that less intrusive means are ineffective to accomplish its purpose.

Routinely, police preserve evidence in sealed envelopes, a method generally effective in preventing loss or tampering of the evidence. The State has not adequately explained why similar methods would not be effective in preserving an arrestee's property. As to waivers, the State argues that oftentimes an arrestee is too intoxicated or otherwise incapacitated to make a valid waiver. We note that the current inventory procedure generally utilized requires the arrestee to sign the inventory form indicating concurrence between the items produced and those listed on the form. We do not see why an arrestee would be capable of understanding and signing an inventory form but not a waiver form.

The State failed to show that the exploratory search of the wallet was the least intrusive means of accomplishing its purposes of safeguarding an arrestee's property and protecting the police against fraudulent claims. We hold that the State did not meet its burden of rebutting the presumption that the warrantless search

was unreasonable and therefore, the cocaine discovered from the illegal search should have been suppressed.

Perham's conviction for promoting a dangerous drug is reversed, and his sentence is vacated.

*Susan Arnett* (*Mary Ann Barnard* on the brief), Deputy Public Defenders, for defendant–appellant.

*Dale Yamada Ross*, Deputy Prosecuting Attorney, on the brief for plaintiff–appellee.